# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

ALEX DION MANOR,

        Plaintiff,

        v.

LOLA B. JAMSKY,

        Defendant.

:          CIVIL ACTION NO.: CV209-179

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he was arrested on charges of aggravated battery and obstruction of an officer in October 2009. Plaintiff asserts that he has not appeared in court for an arraignment. Plaintiff also asserts that Defendant Jamsky, the Clerk of Superior Court, is responsible for placing him on the docket for an arraignment within 48 hours of his arrest.

Before appearing in court for an arraignment, an individual must be formally charged with an offense by an indictment or accusation. <u>See</u> O.C.G.A. §§ 17-7-93(a) and 17-7-96. Plaintiff has offered no evidence that he was indicted or otherwise formally charged with aggravated battery and obstruction of an officer. Thus, Defendant Jamsky cannot schedule an arraignment until after Plaintiff has been charged by the State of Georgia.

AO 72A
(Rev. 8/82)

In the event he has been formally charged, however, it seems that Plaintiff has available to him the option of filing a writ of mandamus with the Georgia Supreme Court. The Georgia Supreme Court has the authority "[t]o grant any writ necessary to carry out any purpose of its organization or to compel any inferior tribunal or officers thereof to obey its order." O.C.G.A. § 15-2-8(3). There is no evidence Plaintiff has pursued this option.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _____ day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

ALEX DION MANOR,

        Plaintiff,

v.                             CIVIL ACTION NO.: CV209-179

LOLA B. JAMSKY,

        Defendant.

## O R D E R

Let a copy of this Report and Recommendation be served upon the parties. The parties will be allowed fourteen (14) days from the date of service of this Report and Recommendation to file objections. If no objections are made, this Report and Recommendation will be adopted as a record of the proceedings and may become the opinion and order of the Court. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B 1982).

All requests for additional time to file any objections to this Report and Recommendation should be filed with the Clerk for consideration by the undersigned.

The Clerk of Court is directed to submit the Report and Recommendation with objections, if any, on or before the _22_ day of _March_, 2010.

**SO ORDERED**, this _4_ day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)